**Barry E. SHELLEY, Appellant**

v.

**TPR Terry A. WILSON;**
**TPR Jeffery Brock.**

**No. 09–1193.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2) or
Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 July 9, 2009.

Opinion filed: Aug. 3, 2009.

Barry E. Shelley, Houtzdale, PA, pro se.

Kemal A. Mericli, Esq., Paul R. Scholle, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for TPR Terry A. Wilson; TPR Jeffery Brock.

Before: BARRY, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Barry Shelley appeals from the District Court's order dismissing his complaint. For the following reasons, we will dismiss the appeal.

### I.

In 2004, Shelley filed this civil rights action pro se and in forma pauperis against two Pennsylvania State Troopers, Terry Wilson and Jeffery Brock ("Troopers"), asserting claims of false arrest and malicious prosecution. In 2005, the United States District Court for the Western District of Pennsylvania dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Shelley appealed, and we affirmed the District Court's dismissal of the malicious prosecution claim but vacated the decision to the extent that the District Court dismissed the false arrest claim and denied Shelley leave to amend the complaint. (*See* C.A. No. 05–1907.)

On remand, the District Court provided Shelley with an opportunity to amend his complaint; Shelley, however, elected to stand on his originally filed complaint. The substance of Shelley's false arrest claim (his only remaining claim) is that the Troopers arrested him without probable cause. In support of his claim, he asserts his innocence and claims that the Troopers conspired with the victim and lied on the affidavit of probable cause, which led to the issuance of an arrest warrant. Further, he appears to claim that the Troopers and the victim had some sort of vendetta against him that motivated their actions.[1]

The Troopers moved to dismiss the complaint, arguing that the claim for false arrest was meritless because they had probable cause to arrest Shelley, and asserting their entitlement to qualified immunity from suit. In support of their motion, the Troopers submitted a police incident report filed by the victim, the criminal complaint and affidavit of probable cause for an arrest warrant, the state court docket, and the Pennsylvania Superior Court's decision affirming Shelley's judgment of sentence.[2]

The Magistrate Judge filed a report recommending that the Troopers' motion to dismiss be granted. After considering Shelley's objections thereto, the District

---

1. We note that the Troopers' subjective motivation for arresting Shelley is irrelevant to the inquiry into the claim of false arrest. *See Devenpeck v. Alford*, 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).

2. We note that the District Court properly considered the documents attached to the Troopers' motion to dismiss. "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n. 3 (3d Cir.2004). Here, the documents attached to the Troopers' motion were either referenced in Shelley's complaint, were matters of public record, and/or were integral to the false arrest claim. Accordingly, we have no difficulty concluding that the District Court properly considered the documents. .

Court adopted the Magistrate Judge's Report and Recommendation and dismissed the complaint.

This appeal followed.

## II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. Because Shelley is proceeding in forma pauperis, we review his appeal to determine whether "it lacks an arguable basis in law" and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In evaluating the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir.2002). Moreover, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, —— U.S. ——, —— – ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983. *See Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir.1995). Further, because "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction, ... the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction." *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir.2005) (internal quotations and citations omitted). Although determinations of probable cause are usually the province of the jury, a district court "may conclude that 'probable cause did exist as a matter of law if the evidence, viewed in the light most favorably to the [p]laintiff, reasonably would not support a contrary factual finding.'" *Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir.2003) (internal citation and quotations omitted).

On January 6, 2002, Teresa Stein filed an incident report with the Pennsylvania Police stating that Shelley (her neighbor) had twice stopped his car on the road outside her home yelling, among other things, "you f—ing witch," "I'll f—ing kill you if it's the last thing I do." On January 11th, the Troopers began conducting surveillance from Stein's home. The subsequent criminal complaint filed by Wilson states that, on January 12th, the Troopers observed Shelley stopping his vehicle outside Stein's home and heard Shelley telling Stein that she "doesn't deserve to live."

Based on Stein's incident report and the Troopers' observations, the criminal complaint included two counts each of stalking, harassment, and terroristic threats. Wilson completed an affidavit of probable cause, stating that:

> ... [Shelley] drove past the victim's residence. When [Shelley] observed the victim outside, he stopped his vehicle and began shouting threats and harassing statements, i.e. 'You F—ing Witch' 'I'll F—ing kill you if it's the last thing I do,' and others at the victim. Do [sic] to the violent nature of the threats and the past history of harassment, a warrant is being requested for this complaint.

A district justice signed off on the affidavit of probable cause, and on January 29th,

the warrant was served on Shelley and he was taken into custody.

In November 2002, Shelley was tried by a jury in the Somerset County Court of Common Pleas and was convicted of two counts of stalking with intent to cause emotional distress. The judge also convicted Shelley of one count of the summary offense of harassment. Shelley was acquitted of the remaining charges. He was sentenced to an aggregate term of two-to-six years' incarceration on the stalking convictions and a consecutive ninety days' incarceration on the harassment conviction.

We agree that Shelley's complaint fails to state a claim under 42 U.S.C. § 1983. Shelley alleges that he was arrested without probable cause in violation of his Fourth Amendment rights. He argues that he is innocent of the charges and that Troopers lied on the affidavit of probable cause. As proof, he points to his acquittal on the charges of terroristic threats and stalking with intent to place the other person in fear of bodily injury. He ignores, however, that he was convicted of harassment and stalking with intent to cause emotional distress, which required the prosecution to prove, beyond a reasonable doubt, that Shelley committed the offenses.[3] The jury's finding that Shelley committed each element of these offenses beyond a reasonable doubt defeats his assertion that there was no probable cause to arrest him. *See McClam v. Barry*, 697 F.2d 366, 370 (D.C.Cir.1983), *overruled on other grounds*, *Brown v. U.S.*, 742 F.2d 1498 (D.C.Cir.1984) (stating that as to common law and constitutional law false arrest claims, "subsequent conviction establishes as a matter of law that the arrest was justified."). Accordingly, he cannot succeed on a claim that his arrest violated his Fourth Amendment rights.[4]

For the foregoing reasons, we conclude that the District Court's decision to dismiss the Shelley's complaint was proper. Because we conclude that this appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

**3.** At the time of Shelley's arrest, stalking was defined as: "engag[ing] in a course of conduct or repeatedly commit[ting] acts toward another person ... under circumstances which demonstrate ... an intent to cause substantial emotional distress to the person." 18 Pa. Cons.Stat. Ann. § 2709(b)(2). The offense of harassment was defined as: "with intent to harass, annoy or alarm another, the person ... engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose." 18 Pa. Cons.Stat. Ann. § 2709(a)(3).

**4.** As the Troopers correctly assert, when an arrest is made on more than one charge, "[p]robable cause need only exist as to any offense that could be charged under the circumstances." *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir.1994).